**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

STANLEY J. JAKUBIAK,
<u>Plaintiff-Appellant,</u>

v.

No. 97-2062

WILLIAM PERRY, SECRETARY OF
DEFENSE,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CA-95-722-A)

Submitted: May 29, 1998

Decided: July 17, 1998

Before LUTTIG and HAMILTON, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Edward J. Tolchin, FETTMANN, TOLCHIN & MAJORS, P.C., Fair-
fax, Virginia, for Appellant. Helen F. Fahey, Arthur E. Peabody, Jr.,
Assistant United States Attorney, Alexandria, Virginia; Jenifer Schall,
Assistant General Counsel, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Stanley Jakubiak appeals the district court's order granting summary judgment for his employer, the United States Department of Defense [the Department], in his reverse gender discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e - 2000e-17 (West 1994 & Supp. 1998). Upon de novo review, we affirm.

Jakubiak is a white male who unsuccessfully sought the position of Deputy Director, Space and Nuclear Forces Command, Control and Communications in the Department. Jakubiak alleges that the Department promoted a less qualified female applicant for the position, in violation of Title VII. The district court determined that Jakubiak failed to establish a prima facie case of reverse gender discrimination and that, moreover, he did not show that the Department's legitimate, non-discriminatory reason for hiring the female applicant was pretextual.

We review an award of summary judgment de novo. See Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate when the record taken as a whole establishes "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). In ruling on a motion for summary judgment, a court must assess the evidence in the light most favorable to the party opposing the motion. See Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979).

In a promotion case where a job is filled in an allegedly discriminatory manner, a plaintiff must ultimately show that he or she was subject to an adverse employment action, which was more likely than not

2

motivated by plaintiff's gender. See Evans v. Technologies Applications & Serv., Co., 80 F.3d 959-60 (4th Cir. 1996). A plaintiff raises an inference of reverse discrimination when he proves the following: (1) that he belongs to a protected class; (2) that he applied for and was qualified for a job; (3) that he was rejected for the job; and (4) that he was rejected under circumstances giving rise to an inference of unlawful discrimination.* See id.; Holmes v. Bevilacqua, 794 F.2d 142, 147 (4th Cir. 1986). If the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant to show a legitimate, nondiscriminatory reason for the challenged decision. See Page v. Bolger, 645 F.2d 227, 230-31 (4th Cir. 1981). Then, if the defendant carries this burden, the plaintiff must show that the proffered reasons were a pretext for discrimination. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981). A pretext exists only if the plaintiff shows that the defendant's proffered reason is false and that discrimination was the actual reason for the decision. See Jiminez v. Mary Washington College, 57 F.3d 369, 378 (4th Cir. 1995) (citing St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993)).

We find that even if Jakubiak established a prima facie case of failure to promote, the Department demonstrated a legitimate, nondiscriminatory reason for promoting Cynthia Raiford, a white female, over him. The record indicates that both Jakubiak and Raiford were qualified. Out of the ten criteria used to make the selection, Raiford and Jakubiak ranked equally in the four technical criteria, and Raiford ranked highest overall in the six management skill criteria. Jakubiak failed to produce probative evidence that the Department's proffered reason for its employment decision was pretextual or based on Jakubiak's sex.

We agree with the district court that Jakubiak failed to show that the Department's reason was pretextual. Further, contrary to Jakubiak's allegations, we agree with the district court that the record evidences that the Department complied with procedures and policies in

_____

*We do not need to resolve the issue of whether Jakubiak is entitled to the same inference of discrimination as a female plaintiff when he proves a prima facie case of gender discrimination because even under this less demanding test, Jakubiak cannot prevail. See Lucas v. Dole, 835 F.2d 532, 534 (4th Cir. 1987).

3

making the selection, that the selection decision was not based on an affirmative action program in effect providing for quotas, goals, or preferences for women, and that the selector was not biased in making the selection. Thus, we find summary judgment was appropriately granted for the Department on Jakubiak's claim of reverse gender discrimination. We dispense with oral argument because the facts and legal issues are adequately presented in the materials before the court and argument would not significantly aid the decision process.

AFFIRMED